# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 11-576V
Filed: March 21, 2013

*************************************

ERIK STEVEN PEDERSEN,

              Petitioners,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

              Respondent.

*************************************

NOT TO BE PUBLISHED

**Special Master Zane**

Stipulation; attorneys' fees and costs

*Jon Howard Rogers*, Jon H. Rogers, Attorney at Law, Salt Lake City, UT, for Petitioner;
*Chrysovalantis Panagiotis Kefalas*, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 18, 2013, the parties in the above-captioned case filed a Stipulation of Facts Regarding Attorneys' Fees and Costs (Stipulation) memorializing their agreement as to the appropriate amount of attorneys' fees and costs in this case. After informal discussions with Respondent, Petitioner requests $12,100.00 in attorneys' fees and costs. In accordance with

---

[1] Because this decision contains a reasoned explanation for the Special Master's action in this case, the Special Master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 113 Stat. 2899, 2913 (Dec. 17, 2002). All decisions of the Special Master will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to redact such information before the document's disclosure. If the Special Master, upon review, agrees that the identified material fits within the banned categories listed above, the Special Master shall redact such material from public access. 42 U.S.C. § 300aa-12(d)(4); Vaccine Rule 18(b). In the absence of a motion or should the Special Master disagree with the proposed redactions, the decision shall be disclosed in its entirety.

General Order #9, Petitioner's counsel represents that Petitioner incurred $350.00 in personal litigation costs. As a result, the total requested, agreed-upon amount is $12,450.00. In accordance with 42 U.S.C. § 300aa-15(e), the undersigned awards the amount to which Respondent does not object.

Petitioner, Erik Steven Pedersen, alleges that he suffered from Guillain-Barre Syndrome ("GBS") as a consequence of his receipt of the measles-mumps-rubella ("MMR") and meningococcal vaccines, which are vaccines contained in the Vaccine Injury Table, 42 C.F.R § 100.3(a), and which he received on or about September 2, 2008. A decision awarding compensation based upon the parties' stipulation was entered on February 4, 2013.

Although Respondent did not concede the claim, the parties, nonetheless, settled the matter, and an award of compensation was made. Because Petitioner has been awarded compensation, Petitioner is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). The undersigned also finds that the stipulated amount of $12,450.00, in attorneys' fees and costs, is reasonable based on the stage at which this matter was settled. Based on the request's reasonableness and pursuant to Vaccine Rule 13, the undersigned **GRANTS** the parties' request as outlined in the Stipulation. The judgment shall reflect that Petitioner is awarded attorneys' fees and costs as follows:

> **in a check made payable to Petitioner (Erik Steven Pedersen), the amount of $350.00; and**
>
> **in a check made payable jointly to Petitioner (Erik Steven Pedersen) and Petitioner's counsel (Jon Howard Rogers, of the law firm Jon H. Rogers, Attorney at Law), the amount of $12,100.00.**

The court thanks the parties for their cooperative efforts in resolving this matter. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the Clerk is directed to enter judgment accordingly.[2]

**IT IS SO ORDERED.**

s/ Daria Zane
Daria J. Zane
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.